UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GERALD DIDOMENICO, JR.,

                         Plaintiff,

   -against-                                      9:21-CV-0689 (LEK/ML)

SUPERINTENDENT,

                         Defendant.

**DECISION AND ORDER**

**I.    INTRODUCTION**

       This action was commenced on or about June 14, 2021, by pro se plaintiff Gerald DiDomenico, Jr., a prisoner in the custody of the New York State Department of Corrections and Community Supervision. Dkt. No. 1 ("Complaint"). Because Plaintiff neither paid the filing fee nor filed an application to proceed in the action in forma pauperis ("IFP") at the time he filed his Complaint, the Court issued an order closing the action and directing Plaintiff to either pay the filing fee or seek permission to proceed IFP if he wished to pursue the action. Dkt. No. 4. On or about July 12, 2021, the Court received the full filing fee from Plaintiff. See Dkt. No. 5. The Clerk reopened the action on the same date and forwarded the Complaint to the Court for review. Dkt. No. 6.

**II.    DISCUSSION**

    **A.  Governing Legal Standard**

       Pursuant to 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any

portion of the complaint, if the complaint. . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; see also Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (holding that § 1915A applies "to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid the filing fee").

In reviewing a pro se litigant's complaint, the Court has a duty to liberally construe the pleadings, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands

2

more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal quotation marks and alterations omitted).

### B. Summary of Amended Complaint

Plaintiff's Complaint alleges that, between 2008 and 2020, he was placed in the "Intermediat[e] Care Programs." Compl. at 4. In 2020, upon "fil[ing] a claim," Plaintiff was "moved to a Transitional Intermediat[e] Care Program." Id. "Now [Plaintiff] want[s] a graduation from this area for a general population status cell." Id. Specifically, Plaintiff has requested to be housed in "'A' block" with his "fellow laundry worker." Id. Plaintiff alleges he does not "like the anxiety of being in coordinated programs with treatment team staff." Id.

The Complaint names only the superintendent at Clinton Correctional Facility ("Clinton C.F.") as a Defendant. See Compl. at 2. Liberally construed, Plaintiff's Complaint asserts an Eighth Amendment conditions of confinement claim against the Defendant. Id. at 5. As relief, Plaintiff requests "to be sent to a general population, non-transitional intermediate care program, setting."[1] Id.

### C. Analysis

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive

---

[1] According to a letter from Plaintiff dated July 19, 2021, he additionally seeks monetary damages as relief. See Dkt. No. 7 at 1.

rights[ but] provides . . . only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).

The Eighth Amendment prohibits punishment that is "incompatible with 'the evolving standards of decency that mark the progress of a maturing society[,]' or 'involve[s] the unnecessary and wanton infliction of pain[.]'" Estelle v. Gamble, 429 U.S. 97, 102–03 (1976) (quoting Trop v. Dulles, 356 U.S. 86, 100–01 (1958) and Gregg v. Georgia, 428 U.S. 153, 169–73 (1976) (citations omitted)). While the Eighth Amendment "'does not mandate comfortable prisons,' neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)); Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013).

A claim alleging that prison conditions have violated the Eighth Amendment must satisfy both an objective and a subjective requirement. Walker, 717 F.3d at 125; Jolly v. Coughlin, 76 F.3d 468, 480 (2d Cir. 1996). To satisfy the objective element, "the plaintiff must demonstrate that the conditions of his confinement result in 'unquestioned and serious deprivations of basic human needs.'" Jolly, 76 F.3d at 480 (quoting Anderson v. Coughlin, 757 F.2d 33, 35 (2d Cir. 1985)); see also Walker, 717 F.3d at 125 ("To meet the objective element, the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health."). In a prison setting, basic needs include "food, clothing, medical care, and safe and sanitary living conditions." Walker, 717 F.3d at 125 (citing, inter alia, Rhodes, 452 U.S. at 347). As to the subjective requirement, "the plaintiff must demonstrate that the defendants imposed those conditions with 'deliberate indifference.'" Jolly, 76 F.3d at 480 (quoting Wilson v. Seiter, 501 U.S. 294, 297 (1991)); see also Walker, 717 F.3d at 125; Waldo v. Goord, No. 97-

CV-1385, 1998 WL 713809, at *2 (N.D.N.Y. Oct. 1, 1998). Deliberate indifference exists if an official "knows of and disregards an excessive risk to inmate health or safety; [he] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; see also Walker, 717 F.3d at 125; Waldo, 1998 WL 713809, at *2.

    The Complaint in this case fails to allege that Plaintiff is being deprived of any basic human needs. The Complaint alleges only that Plaintiff wants to graduate from a particular program (Transitional Intermediate Care Program) so he can be housed in A Block with a specific inmate. Compl. at 4. Plaintiff provides no description of the program in which he is enrolled or how it allegedly deprives him of any constitutional right. In any event, inmates have no constitutionally protected right to be housed in a particular location or the location of their choice. See, e.g., Sheehan v. Beyer, 51 F.3d 1170, 1174 (3d Cir. 1995) ("An inmate does not have a right to be placed in the cell of his choice."); White v. Williams, No. 12-CV-1775, 2014 WL 1672634, at *2 (N.D.N.Y. Apr. 28, 2014) ("[T]he law is clear that an inmate does not have a right to be confined to the prison of his own choosing or to a particular type of housing."); Cagle v. Gravlin, No. 09-CV-0648, 2010 WL 2088267, at *4 (N.D.N.Y. Apr. 29, 2010) (concluding that a prisoner "has [no] constitutional right . . . to the cell of his choice"). In addition, even assuming Plaintiff's participation in the Transitional Intermediate Care Program deprived him of basic human needs, there are no allegations that Defendant Clinton C.F. Superintendent imposed the unconstitutional conditions of confinement or did so with the requisite deliberate indifference. Moreover, although the Clinton C.F. Superintendent is listed as a defendant in the Complaint, see Compl. at 2, there are no allegations in the body of the pleading that describe any

of his conduct or how he is responsible for any alleged constitutional violation. See Cipriani v. Buffardi, No. 06-CV-0889, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.").

For the foregoing reasons, Plaintiff's Eighth Amendment conditions of confinement claim is dismissed pursuant to § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### D. Conditional Dismissal with Leave to Amend

Based upon the foregoing, the Court finds that Plaintiff's Complaint fails to state one or more claims upon which relief may be granted. In light of Plaintiff's pro se status, the Court will afford Plaintiff the opportunity to file an amended complaint not inconsistent with this decision. Gomez v. USAA Fed. Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999). Any amended complaint filed by Plaintiff must bear his original signature and must be a complete pleading that will supersede and replace the original complaint in its entirety. The amended pleading must also name one or more defendants and set forth a short and plain statement of the facts on which he relies in support of his claim that the individual named as a defendant engaged in misconduct or wrongdoing that violated Plaintiff's constitutional rights.

Plaintiff is advised that, if he fails to submit an amended complaint within 30 days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to § 1915A(b)(1) for failure to state a claim on which relief may be granted.

### III.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice** without further Order of the Court for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A **unless, within 30 days** of the date of this Decision and Order, Plaintiff files an amended complaint that corrects the deficiencies identified herein; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    August 04, 2021
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge